IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ONEIL EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv211-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

On October 2, 2014, Petitioner William Oneil Edwards pleaded guilty under a plea agreement to conspiracy to sponsor, exhibit, buy, sell, possess, train, or transport a dog for participation in an animal fighting venture, in violation of 18 U.S.C. § 371 & 7 U.S.C. § 2156(a)(1) & (b), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1]   The plea agreement contained an appeal/post-conviction waiver on sentencing issues, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.  Following a sentencing hearing on January 15, 2015, the district court sentenced Edwards to 42 months in prison, consisting of consecutive terms of 18 months for the dogfighting conspiracy and 24 months for the firearm count.  The district court ordered that the sentence be followed by a term of three years of supervised release.

---

[1] Edwards's conspiracy charge was returned by a grand jury sitting in the Middle District of Alabama.  Case No. 3:13cr100-WKW.  His firearm charge was returned by a grand jury sitting in the Western District of New York.  *See* Case No. 6:14cr6033-EAW/MWP.  Edwards entered a consent to transfer his New York case to this court for plea and sentence under Rule 20 of the Federal Rules of Criminal Procedure.  Case No. 3:15cr7-WKW.

Edwards appealed, challenging the reasonableness of the district court's total 42-month sentence. The Eleventh Circuit dismissed Edwards's appeal based on the appeal waiver in his plea agreement.

On March 10, 2016, Edwards filed a 28 U.S.C. § 2255 motion in this court presenting the following claims:

1. His trial counsel rendered ineffective by giving him inaccurate advice about the sentence he would receive upon pleading guilty. Specifically, counsel told him he would only be sentenced to a maximum guideline range of 21 to 27 months in prison based on the firearm count, which would run concurrently with any sentence imposed for the conspiracy count.

2. Trial counsel was ineffective for failing to object when the district court violated the notice requirement in Fed.R.Crim.P. 32(h) in imposing his sentence.

3. The Government breached the plea agreement by moving for an upward variance at sentencing and by not recommending that his sentences run concurrently.

4. The district court erred when it granted an upward variance at sentencing.

Doc. # 1 at 4–7; Doc. # 1-1 at 6–19.

In a memorandum filed to support his § 2255 motion, Edwards asked the court "to vacate his two consecutive sentences and order the Government to honor the promise that induced him to plead guilty: that he be sentenced to concurrent terms of imprisonment." Doc. # 2 at 20. Alternatively, he asked that the court "grant an evidentiary hearing on the constitutional issues raised [in his § 2255 motion]." *Id.*

On June 1, 2016, the Government filed a response to Edwards's § 2255 motion arguing that Edwards's ineffective assistance of counsel claims lacked merit and that his

claims raising substantive sentencing issues were barred from collateral review by the waiver provision in his plea agreement. Doc. # 7.

On June 2, 2016, this court issued an order allowing Edwards until June 22, 2016, to file a reply to the Government's response to his § 2255 motion. Doc. # 8. Subsequently, on August 2, 2016, the court granted Edwards's motion for an extension of time to and including September 2, 2016, to file a reply to the Government's response to his § 2255 motion. *See* Docs. # 11 & 13. The requisite time passed, however, without Edwards filing a reply to the Government's response.

On February 7, 2018, after taking notice that the Federal Bureau of Prisons' online database (https://www.bop.gov/inmateloc/) indicated that Edwards was released from federal incarceration on February 3, 2017, this court entered an order directing Edwards to notify that court of his current address and advise the court by March 20, 2018, whether he wished to prosecute this action and still sought the relief he requested in his § 2255 motion. Doc. # 14. On March 8, 2018, that order was returned to the court as undeliverable.

On March 12, 2018, after obtaining Edwards's current address from the United States Probation Officer overseeing his supervised release, this court entered an order directing Edwards to advise the court by April 2, 2018, whether he wished to prosecute this action and still sought the relief requested in his § 2255 motion. Doc. # 15. A copy of the order was mailed to Edwards at his current address.

The time for Edwards to respond to the court's order passed without Edwards filing anything with the court. The court must now determine how to address Edwards's failure to respond to the court's order directing him to advise the court whether he wishes to

prosecute this action. For the reasons indicated below, the court concludes that Edwards's § 2255 motion should be dismissed without prejudice based on Edwards's failure to prosecute and to comply with court orders.

## II.   DISCUSSION

It is well established that a district court has authority to dismiss a petitioner's action because of his failure to prosecute or to comply with court orders. *See* Fed.R.Civ.P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011). In particular, Fed.R.Civ.P. 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed.R. Civ.P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cty. Bd. of Educ.,* 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)). By contrast, dismissal *without*

4

prejudice for failure to prosecute is not an adjudication on the merits; therefore, courts are afforded greater discretion in dismissing claims in this manner. *Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007); *see also Coleman*, 433 F. App'x at 719; *Brown*, 205 F. App'x at 802–03.

While the court exercises its discretion to dismiss cases with caution, the undersigned finds that dismissal of this action without prejudice is warranted. Despite having been directed to advise this court whether he wishes to prosecute this action and still seeks the relief requested in his § 2255 motion, Edwards has failed to respond to the court's order. And with Edwards not having taken any action in this case since June 16, 2016, when he filed a motion for extension of time to reply to the Government's response to his § 2255 motion, Edwards has failed to diligently prosecute his claims. Although the court granted that motion for extension of time, Edwards did not thereafter file any reply to the Government's response.

Thus, the court should dismiss Edwards's § 2255 motion without prejudice for failure to prosecute and to comply with court orders.

### III.  CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Edwards be DISMISSED WITHOUT PREJUDICE for failure to prosecute and to comply with the court's orders.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **October 24, 2018**. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    Done this 10th day of October, 2018.

    _____
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE